**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*if known*): _____ Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| **1. Debtor's name** | Hancock Fabrics, LLC |
| **2. All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | N/A |
| **3. Debtor's federal Employer Identification Number (EIN)** | 2 6 – 0 0 2 9 8 3 7 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| One Fashion Way <br> Number       Street | _____ <br> Number       Street |
| | P.O. Box |
| Baldwyn, MS  38824 <br> City                State      ZIP Code | _____ <br> City              State      ZIP Code |
| Lee <br> County | **Location of principal assets, if different from principal place of business** |
| | _____ <br> Number       Street |
| | _____ <br> City              State      ZIP Code |

| | |
|---|---|
| **5. Debtor's website (URL)** | www.hancockfabrics.com |
| **6. Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding  LLP) <br> ☐ Other. Specify: _____ |

Debtor   Hancock Fabrics, LLC
         _____          Case number *(if known)*_____
         Name

| | |
|---|---|
| 7. **Describe debtor's business** | **A.** *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4   5   3   9

| | |
|---|---|
| 8. **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| 9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☐ No<br>☒ Yes.   District   Delaware   When   03-21-07   Case number   07-10360<br>                                                              MM / DD / YYYY<br>         District _____   When _____   Case number _____<br>                                                              MM / DD / YYYY |

| | |
|---|---|
| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes.   Debtor   See attached Schedule 1   Relationship   Affiliate<br>         District   Delaware   When   Date Hereof<br>                                                              MM / DD / YYYY<br>         Case number, if known _____ |

| Debtor | Hancock Fabrics, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | | State | ZIP Code |
|---|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Hancock Fabrics, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 16. **Estimated liabilities** | ☐ $0-$50,000 ☐ $50,001-$100,000 ☐ $100,001-$500,000 ☐ $500,001-$1 million | ☒ $1,000,001-$10 million ☐ $10,000,001-$50 million ☐ $50,000,001-$100 million ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion ☐ $1,000,000,001-$10 billion ☐ $10,000,000,001-$50 billion ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

. The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/02/2016
                 MM / DD / YYYY

✗ _Dennis Lyons_                            Dennis Lyons
   Signature of authorized representative of debtor       Printed name

Title  Senior Vice President and Chief Administrative Officer

18. **Signature of attorney**

✗ /s/ Mark D. Collins                            Date  02/02/2016
   Signature of attorney for debtor                          MM / DD / YYYY

Mark D. Collins
Printed name
Richards, Layton & Finger, P.A.
Firm name
920 North King Street
Number        Street
Wilmington                          DE        19801
City                                State      ZIP Code

(302) 651-7700                      collins@rlf.com
Contact phone                       Email address

2981                                DE
Bar number                          State

---

## SCHEDULE 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of the Bankruptcy Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

> Hancock Fabrics, Inc.
> Hancock Fabrics, LLC
> Hancock Fabrics of MI, Inc.
> hancockfabrics.com, Inc.
> HF Enterprises, Inc.
> HF Merchandising, Inc.
> HF Resources, Inc.

JOINT ACTION BY WRITTEN CONSENT
OF THE
BOARD OF MANAGERS
OF
HANCOCK FABRICS, LLC

(Adopted by the Board of Managers on February 1, 2016)

The undersigned, being all of the managers of Hancock Fabrics, LLC, a Delaware limited liability company (the "**Company**"), and constituting the entire board of managers of the Company (the "**Board**"), acting pursuant to the authority of Section 18-402 of the Limited Liability Company Act of the State of Delaware, hereby adopt by this written consent the following resolutions with the same force and effect as if they had been unanimously adopted at a duly convened meeting of the Board of Managers:

WHEREAS, the board of directors of Hancock Fabrics, Inc., a Delaware corporation and the sole stockholder of the Company ("**Parent**"), has considered the business and financial conditions and results of operations of Parent and its direct and indirect subsidiaries (the "**Subsidiaries**"), including the Company, as of the date hereof, including the assets and liabilities of Parent and its Subsidiaries, including the Company, the historical and current performance of Parent and its Subsidiaries, including the Company, the market for the goods sold by the Parent and its Subsidiaries, including the Company, and the current and long-term liabilities of Parent and its Subsidiaries, including the Company, as of the date hereof and has adopted resolutions approving the filing of a petition pursuant the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on behalf of Parent;

WHEREAS, the Board has reviewed, considered, and received the recommendations of the senior management of Parent, the Company and the Company's professionals and advisors as to the relative risks and benefits of a chapter 11 bankruptcy proceeding;

WHEREAS, the Company projects that without a chapter 11 bankruptcy filing it will default under its existing credit agreements and be unable to borrow thereunder; the Company will be unable to obtain additional credit; and the Company will be unable to meet its current obligations necessary to continue operations;

WHEREAS, Parent has negotiated, and the Board has reviewed and considered, a Debtor-In-Possession Credit Agreement (the "**Loan Agreement**"; capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Loan Agreement) with the lenders from time to time party thereto (the "**Lenders**") and Wells Fargo Bank, National Association, as Administrative and Collateral Agent and Swing Line Lender, and GACP Finance Co., LLC, as Term Agent, where the Company would act as a Borrower;

WHEREAS, the Loan Agreement provides for the extension of financing facilities in an aggregate principal amount of up to $100,000,000 by the Lenders to Parent pursuant to the terms and conditions set forth in the Loan Agreement and such financing

facilities provided under the Loan Agreement will be used to fund the working capital requirements of Parent and the Subsidiaries, including the Company, during the pendency of the chapter 11 case;

WHEREAS, in connection with the Loan Agreement, Parent and the Company are required to enter into, execute and deliver certain related documents referred to in the Loan Agreement (collectively with the Loan Agreement, the "**Loan Documents**");

WHEREAS, the Board has reviewed the historical and current performance of the Company, the market for the goods sold by the Company, and the current and long-term liabilities of the Company on the date hereof; and

WHEREAS, the Board has determined that it is desirable and in the best interests of the Company, its creditors, its shareholders and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

**NOW THEREFORE**, be it:

Chapter 11 Case

RESOLVED, that, based on factors and information deemed relevant by the Board, in the judgment of the Board, it is in the best interest of the Company, its creditors, its shareholders and other interested parties, under the circumstances set forth herein, that (i) a petition be filed pursuant to chapter 11 of the Bankruptcy Code on behalf of the Company to preserve the value available to the creditors and shareholders of the Company, and (ii) the Company enter into the Loan Agreement in order to secure financing to fund the working capital requirements of the Company during the pendency of the chapter 11 case;

RESOLVED FURTHER, that the Company be, and it hereby is, authorized and empowered to file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code on or after February 1, 2016;

RESOLVED FURTHER, that each of the officers of the Company (each an "**Authorized Officer**" and all "**Authorized Officers**") is hereby authorized and empowered to execute and verify a petition in the name of the Company under the provisions of chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), if the Authorized Officers deem it appropriate to protect the interests of the Company's stakeholders, and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the purposes of the chapter 11 cases of the Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Officer executing the same shall determine;

RESOLVED FURTHER, that the form, terms and conditions of the Loan Documents are hereby approved;

2

**RESOLVED FURTHER**, that the Company is authorized to (i) obtain Loans (as defined in the Loan Agreement) under the Loan Agreement in an aggregate principal amount not to exceed $100,000,000 and (ii) to grant liens on its assets pursuant to the Security Agreement (as defined in the Loan Agreement) and the other Security Documents (as defined in the Loan Agreement), in favor of Wells Fargo Bank, National Association, as Collateral Agent for the benefit of the Credit Parties, to secure the payment and performance of the Company's obligations under the Loan Documents;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute, deliver and perform pursuant to the Loan Documents in substantially the form presented to the Board, with such additions, deletions, modifications or other changes thereto as such Authorized Officers executing the same shall have determined to be desirable, such determination to be conclusively evidenced by the execution thereof;

**RESOLVED FURTHER**, that in connection with the commencement of the chapter 11 case by the Company, each Authorized Officer is hereby authorized and empowered to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Authorized Officer considers appropriate to enable the Company to utilize cash collateral on the terms and conditions such Authorized Officer or Authorized Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of the Company, subject in each case to Bankruptcy Court approval;

**RESOLVED FURTHER**, that each Authorized Officer is hereby authorized and empowered to negotiate, enter into, execute, deliver, certify, file, record, and perform, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents and to take such other actions, as in the judgment of such Authorized Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to make arrangements for post-petition financing or use of cash collateral for the Company and its chapter 11 case and to execute any and all documents that, at the discretion of such Authorized Officers, are necessary, convenient, or advisable for consummating such financing;

<u>Retention of Advisors</u>

**RESOLVED FURTHER**, that the Authorized Officers are hereby authorized and directed to employ the law firm of O'Melveny & Myers LLP as general bankruptcy counsel to the Company, and the law firm of Richards, Layton & Finger, P.A. as Delaware bankruptcy counsel to the Company, in each case to represent and assist the Company in filings under

3

chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the rights and interests of the Company and, in connection therewith, the Authorized Officers are hereby authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases, and to cause to be filed appropriate Bankruptcy Court applications for authority to retain the services of O'Melveny & Myers LLP and Richards, Layton & Finger, P.A.;

**RESOLVED FURTHER**, that the Authorized Officers are hereby authorized and directed  to employ the firm of Clear Thinking Group LLC as financial advisor to the Company, to represent and assist the Company in carrying out their duties under chapter 11 of the Bankruptcy Code and, in connection therewith, the Authorized Officers are hereby authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases, and to cause to be filed appropriate Bankruptcy Court applications for authority to retain the services of the Clear Thinking Group, LLC;

**RESOLVED FURTHER**, that the Authorized Officers are hereby authorized and directed  to employ the firm of Lincoln Partners Advisors LLC as investment banker to the Company, to represent and assist the Company in carrying out their duties under chapter 11 of the Bankruptcy Code and, in connection therewith, the Authorized Officers are hereby authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases, and to cause to be filed appropriate Bankruptcy Court applications for authority to retain the services of Lincoln Partners Advisors LLC;

**RESOLVED FURTHER**, that the Authorized Officers are hereby authorized and directed  to employ the firm of Retail Consulting Services, Inc., d/b/a RCS Real Estate Advisors as real estate advisors to the Company, to represent and assist the Company in carrying out their duties under chapter 11 of the Bankruptcy Code and, in connection therewith, the Authorized Officers are hereby authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases, and to cause to be filed appropriate Bankruptcy Court applications for authority to retain the services of Retail Consulting Services, Inc., d/b/a RCS Real Estate Advisors;

**RESOLVED FURTHER**, that the Authorized Officers are hereby authorized and directed  to employ the firm of Kurtzman Carson Consultants, LLC as claims and noticing agent and strategic communications advisor to the Company, to represent and assist the Company in carrying out their duties under chapter 11 of the Bankruptcy Code and, in connection therewith, the Authorized Officers are hereby authorized and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases, and to cause to be filed appropriate Bankruptcy Court applications for authority to retain the services of Kurtzman Carson Consultants, LLC;

**RESOLVED FURTHER**, that each Authorized Officer is hereby authorized and empowered to employ and retain all assistance by legal counsel, accountants, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and

4

all further acts and deeds the Authorized Officer deems necessary, proper, or desirable in furtherance thereof with a view to the successful prosecution of the Company's chapter 11 case;

General Authorization and Ratification

**RESOLVED FURTHER,** that each Authorized Officer is authorized and empowered, consistent with these resolutions:

(i) to negotiate, execute, deliver, certify, file, and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such Authorized Officer to constitute evidence of such approval;

(ii) to negotiate, execute, deliver, certify, file, and/or record, and perform, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; and

(iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper or desirable, to carry out the intent and effectuate the purposes of the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

**RESOLVED FURTHER,** that all actions taken by the Authorized Officers prior to the date of these resolutions and within the authority conferred, are proved in all respects as the act and deed of the Company.

*[Remainder of Page Intentionally Left Blank]*

5

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Managers of the Company have hereunto signed their names and adopted the above resolutions as of the above date and hereby direct a fully signed copy of this Joint Action by Written Consent of the Board of Managers to be filed with the minutes of proceedings of the Board of Managers of the Company.

This Joint Action by Written Consent of the Board of Managers may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute but one and the same Joint Action by Written Consent of the Board of Managers of the Company.

Name: Rebecca Flick
Title:   Manager


Name: Tony Gillette
Title:   Manager

Name: Dennis Lyons
Title:   Manager

*[Signature Page to Joint Action by Written Consent — Chapter 11 Case - Hancock Fabrics, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Managers of the Company have hereunto signed their names and adopted the above resolutions as of the above date and hereby direct a fully signed copy of this Joint Action by Written Consent of the Board of Managers to be filed with the minutes of proceedings of the Board of Managers of the Company.

This Joint Action by Written Consent of the Board of Managers may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute but one and the same Joint Action by Written Consent of the Board of Managers of the Company.

Name: Rebecca Flick
Title:  Manager

Name: Tony Gillette
Title:  Manager

Name: Dennis Lyons
Title:  Manager

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:                                         :        Chapter 11

HANCOCK FABRICS, INC., *et al.*,[1]            :        Case No. 16-_____ (___)

                        Debtors.    :        Joint Administration Requested

                                                 :

-------------------------------------------------------------x

### CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby certify that the Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (the "Top 30 List") submitted herewith contains the names and addresses of the Debtors' top 30 unsecured creditors. To the best of the Debtors' knowledge, the Top 30 List is complete, correct, and consistent with the Debtors' books and records as of the date hereof (the "Petition Date").

The information contained in the Top 30 List is based upon a review of the Debtors' books and records as of the Petition Date. However, no comprehensive legal or factual investigations with regard to possible defenses to any claims set forth in the Top 30 List have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claim; (2) an acknowledgement of the allowability of any listed claim; or (3) a waiver of any other right or legal position of the Debtors.

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563). The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number (If known):  TBD

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | MYLETEX INTERNATIONAL<br>KEVIN NELSON<br>27 8TH STREET<br>PASSAIC, NJ 07055 | KEVIN NELSON<br>PHONE: 973-815-0700<br>FAX: 973-815-0522<br>EMAIL: kevin@myletex.com | TRADE | | | | $ 1,000,839.42 |
| 2 | COATS AND CLARK<br>JOHN LAURIE<br>3430 TORINGDON WAY SUITE 301<br>CHARLOTTE, NC 28277 | JOHN LAURIE<br>PHONE: 704-329-5001<br>FAX: 1-912-430-7427<br>EMAIL: John.Laurie@coats.com | TRADE | | | | $ 939,057.35 |
| 3 | PERFECT TEXTILES INC<br>MARC MOYAL<br>69-81 SELLERS STREET<br>KEARNEY, NJ 07032 | MARC MOYAL<br>PHONE: 201-991-8200<br>FAX: 201-991-5090<br>EMAIL: marc@marcotex.net | TRADE | | | | $ 455,922.49 |
| 4 | SPRINGS CREATIVE PRODUCTS GROUP LLC<br>DONNA RICHARDSON<br>300 CHATHAM AVENUE SUITE 100<br>ROCK HILL, SC 29730 | DONNA RICHARDSON<br>PHONE: 803-324-6556<br>FAX: 803-324-6749<br>EMAIL: donna.richardson@springscreative.com | TRADE | | | | $ 688,955.96 |
| 5 | AVERITT EXPRESS<br>WALT GREY<br>1415 NEAL STREET<br>COOKEVILLE, TN 38502 | WALT GREY<br>PHONE: 615-333-4431<br>FAX: 931-520-2779<br>EMAIL: wgray@averittexpress.com | EXPENSE | | | | $ 663,376.30 |
| 6 | J&J CORPORATION<br>MANDEE MANTOS<br>NO.403 SANG-HO BLDG.<br>423 JANGAN-DONG DONGOAEMUN-GU<br>SEOUL, 600<br>SOUTH KOREA | Mandee Mantos<br>PHONE: 212-714-2055<br>EMAIL: mandee@montage.com | TRADE | | | | $ 654,234.52 |
| 7 | FABRIC EDITIONS INC<br>SCOTT MOORE<br>700 EXECUTIVE CENTER DR<br>SUITE 201<br>GREENVILLE, SC 29615 | Scott Moore<br>PHONE: 864-254-0524<br>FAX: 864-288-5350<br>EMAIL: smoore@fabriceditions.com | TRADE | | | | $ 653,972.52 |
| 8 | PRYM DRITZ<br>DELORES FAULKNER<br>950 BRISACK ROAD<br>SPARTANBURG, SC 29303 | DELORES FAULKNER<br>PHONE: 864-587-5226<br>FAX: 864-587-3353<br>EMAIL: delores.faulkner@prym-consumer-usa.com | TRADE | | | | $ 559,315.40 |
| 9 | WRIGHT'S<br>LANAE LEWIS<br>26612 NETWORK PLACE<br>CHICAGO, IL 60673-1266 | Lanae Lewis<br>PHONE: 615-501-4095<br>FAX: 1-413-436-9785<br>EMAIL: llewis@simplicity.com | TRADE | | | | $ 541,528.54 |
| 10 | FAIRFIELD PROCESSING<br>JORDAN YOUNG<br>88 ROSE HILL AVENUE<br>DANBURY, CT 06813-1157 | JORDAN YOUNG<br>PHONE: 800-980-8000<br>FAX: 1-203-792-9710<br>EMAIL: jordany@fairfieldworld.com | TRADE | | | | $ 476,450.34 |
| 11 | FISKARS MFG CORP<br>LAURIE BEIMBORN<br>2537 DANIELS STREET<br>MADISON, WI 53718 | LAURIE BEIMBORN<br>PHONE: 262-423-8112<br>FAX: 608-294-4620<br>EMAIL: laurie.beimborn@fiskars.com | TRADE | | | | $ 414,201.85 |
| 12 | FABRI-QUILT<br>TOM WARIS<br>901 EAST 14TH STREET<br>NORTH KANSAS CITY, MO 64116 | TOM WARIS<br>PHONE: 816-666-9537<br>FAX: 816-666-9537<br>EMAIL: twaris@fabri-quilt.com | TRADE | | | | $ 369,339.22 |
| 13 | WORLD DYNASTY<br>ERIC MA OR JUDY CHEN<br>RM9B, SICHUANG PLAZA<br>NO.4, 600 LANE, TIAN SHAN RD<br>SHANGHAI, 200051<br>CHINA | Eric Ma or Judy Chen<br>EMAIL: ericma@worlddynasty.net or judychen@worlddynasty.net | TRADE | | | | $ 361,104.60 |
| 14 | SYKEL<br>HOWARD LIEOBWITZ<br>48 WEST 38TH STREET<br>SUITE 600<br>NEW YORK, NY 10018 | HOWARD LIEOBWITZ<br>PHONE: 212-244-0099<br>FAX: 1-212-244-0244<br>EMAIL: AHHSEW@aol.com | TRADE | | | | $ 360,258.55 |
| 15 | ACG MEDIA<br>CHRISTI WARE<br>21311 MADRONA AVENUE, SUITE 101<br>TORRANCE, CA 90503 | Christi Ware<br>PHONE: 310-530-4100 x238<br>FAX: 310-530-8269<br>EMAIL: cware@acgmedia.com | EXPENSE | | | | $ 350,704.50 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | UPS - 577 JASON DULANEY 55 GLENLAKE PKWY NE ATLANTA, GA 30328 | JASON DULANEY PHONE: 817-680-8453 FAX: 404-828-6912 EMAIL: jdulaney@ups.com | EXPENSE | | | | $          342,376.03 |
| 17 | SIMPLICITY PATTERN CO PAT NILSON A DIVISION OF WILTON BRANDS 24485 NETWORK PLACE CHICAGO, IL 60673-1244 | PAT NILSON PHONE: 212-372-0514 FAX: 630-810-2573 EMAIL: PatriciaN@wilton.com | TRADE | | | | $          320,918.15 |
| 18 | SURGE STAFFING LLC SIMONE MUEHLENBRUCH 109 DESERT COVE SALTILLO, MS 38866 | SIMONE MUEHLENBRUCH PHONE: 614-431-5100  X3222 FAX: 662-269-4654 EMAIL: smuehlenbruch@surgeforcegroup.com | EXPENSE | | | | $          319,964.90 |
| 19 | MCCALL PATTERNS LIZ PARKER 615 MCCALL ROAD MANHATTAN, KS 66502 | LIZ PARKER PHONE: 800-255-2762 x 353 FAX: 785-537-4593 EMAIL: liz@cusspt.mccall.com | TRADE | | | | $          309,008.33 |
| 20 | NINGBO CNACC IMP&EXP CO.,LTD STEVE KENGER NO.598 SOUTH KANG ZHUANG ROAD NINGBO ZHEJIANG, 315032 CHINA | Steve Kenger PHONE: 212-629-4680 FAX: 00865742628798B EMAIL: skenger@prestigeglobalcoltd.com | TRADE | | | | $          220,582.00 |
| 21 | PCP GROUP, LLC. LENORA BABB 4801 ULMERTON RD CLEARWATER, FL 33762 | Lenora Babb PHONE: 727-388-7171 FAX: 908-387-1953 EMAIL: lenora.babb@pellonusa.com | TRADE | | | | $          208,947.44 |
| 22 | CHINA NATIONAL ARTS&CRAFTS IMP&EXP SAKURA CHEN NO.37,4F,199 LANE,YONG FENG RD NINGBO ZHEJIANG, 315010 CHINA | SAKURA CHEN PHONE: 57487340920 FAX: 5-748-734-2210 EMAIL: sakura@raysunarts.com | TRADE | | | | $          206,628.89 |
| 23 | WARM PRODUCTS ERICA JOHNSON 5529 186TH PLACE SW LYNNWOOD, WA 98037 | ERICA JOHNSON PHONE: 800-234-9276 X105 FAX: 425-248-2422 EMAIL: ericaj@warmcompany.com | TRADE | | | | $          202,362.10 |
| 24 | DYNO MERCHANDISE CORP. RICHARD ANNELLO 1571 WEST COPANS RD STE 105 POMPANO BEACH, FL 33064 | Richard Annello PHONE: 954-971-2910 FAX: 954-972-0305 EMAIL: rannello@dynollc.com | TRADE | | | | $          202,176.76 |
| 25 | SULKY OF AMERICA RICK WINTHER 980 COBB PLACE BLVD SUITE 130 KENNESAW, GA 30144 | Rick Winther PHONE: 800-874-4115 x115 FAX: 770-429-3987 EMAIL: rick.winther@sulky.com | TRADE | | | | $          201,637.62 |
| 26 | OTTLITE TECHNOLOGIES INC RANDY PODOSEK 220 W 7TH AVE STE 100 TAMPA, FL 33602 | RANDY PODOSEK PHONE: 800-842-8848 FAX: 1-770-641-1009 EMAIL: randy.podosek@ottlite.com | TRADE | | | | $          195,095.50 |
| 27 | SANTEE PRINT WORKS DANNY ARONSTEIN 58 WEST 40TH STREET 11TH FLOOR NEW YORK, NY 10018 | DANNY ARONSTEIN PHONE: 212-997-1570 x116 FAX: 212-869-7230 EMAIL: daronstein@santeeprint.com | TRADE | | | | $          189,357.61 |
| 28 | EVERYTHING MARY LLC J.J. TARTAGLIA 2211 HAWKS LANDING FAYETTEVILLE, AR 72704 | J.J. Tartaglia PHONE: 479-966-4274 FAX: 479-935-4766 EMAIL: johnt@everythingmary.com | TRADE | | | | $          181,069.14 |
| 29 | JAFTEX CORP. SCOTT FORTUNOFF 49 WEST 37TH STREET 14TH FLOOR NEW YORK,, NY 10018 | SCOTT FORTUNOFF PHONE: 800-294-9495 x218 FAX: 212-679-4578 EMAIL: scott@jaftex.com | TRADE | | | | $          177,635.55 |
| 30 | WESTROCK RKT COMPANY TRACY BROWN 3950 SHACKLEFORD ROAD STE 400 DULUTH, GA 30096 | Tracy Brown PHONE: 678-291-7654 FAX: 678-728-2831 EMAIL: tracy.brown@westrock.com | EXPENSE | | | | $          176,702.26 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Hancock Fabrics, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                    (State)

Case number (*if known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders__ .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/02/2016__              ✗ _____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

__Dennis Lyons__
Printed name

__Senior Vice President and Chief Administrative Officer__
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:

HANCOCK FABRICS, INC., *et al.*,[1]

                       Debtors.

------------------------------------------------------------x

:
:
:
:
:
:
:
:

Chapter 11

Case No. 16-_____ (___)

Joint Administration Requested

## STATEMENT OF CORPORATE OWNERSHIP:  HANCOCK FABRICS, LLC

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, Hancock Fabrics, Inc. on behalf of itself and its affiliated debtors in the above-captioned cases (collectively, the "Debtors"), respectfully represents as follows:

1.  Hancock Fabrics, Inc. is the ultimate corporate parent of each of the other Debtors in these chapter 11 cases and directly or indirectly owns 100% interest in all of the Debtors.

2.  Hancock Fabrics, LLC is owned 100% by HF Enterprises, Inc., which is owned 100% by HF Resources, Inc.  Hancock Fabrics, Inc. owns 100% of HF Resources, Inc.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hancock Fabrics, Inc. (0905), Hancock Fabrics, LLC (9837), Hancock Fabrics of MI, Inc. (5878), hancockfabrics.com, Inc. (9698), HF Enterprises, Inc. (7249), HF Merchandising, Inc. (8522) and HF Resources, Inc. (9563).  The Debtors' corporate headquarters is located at One Fashion Way, Baldwyn, MS 38824.

[2] Detailed information regarding the Debtors' corporate ownership structure is included in the Declaration of Dennis Lyons which is filed concurrently herewith.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Hancock Fabrics, LLC___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*if known*): _____

**Official Form 202**

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration___Statement of Corporate Ownership___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/02/2016__              ✗ _____
MM / DD / YYYY                           Signature of individual signing on behalf of debtor

                                         __Dennis Lyons__
                                         Printed name

                                         __Senior Vice President and Chief__ Administrative Officer
                                         Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors